IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT M. MUMMA, II,** : | **CIVIL NO. 1:CV-08-1965** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **BOBALI CORPORATION;** : | |
| **KIM COMPANY; and** : | |
| **PENNSYLVANIA SUPPLY** : | |
| **COMPANY,** : | |
| : | |
| **Defendants** : | |

# M E M O R A N D U M

## I.      Background

On October 28. 2008, Plaintiff filed a complaint for declaratory relief and a motion for an expedited hearing.  On November 7, 2008, an amended motion for equitable relief and expedited hearing was filed.  Plaintiff seeks to inspect the books and records maintained by the defendant corporations.  Defendants, Bobali Corporation ("Bobali"), Kim Company and Pennsylvania Supply Company ("Pennsy Supply"), oppose this demand.  Plaintiff claims entitlement to the books and records as a director/shareholder of these corporations pursuant to sections 1508 and 1521 of the Pennsylvania Business Corporation Law, 15 Pa. Cons. Stat. Ann. §§ 1508 & 1521.  By order dated November 7, 2008, a hearing was scheduled for November 25, 2008, which was subsequently canceled.  A hearing was ultimately scheduled and held on March 9, 2009.

The history of the corporations and the persons involved with them are set forth in the opinion of the Honorable Harold Sheely to case number 66 Equity 1988 in the Court of Common Pleas of Cumberland County, Pennsylvania.  (Defs.'

Ex. 1.)  This equity case was one of many filed in the ensuing years between the businesses and the family members.

**II.        Discussion**

In the instant case, Robert Mumma, II, in notice to the three defendant corporations, requested the following:

> To Whom It May Concern:
>
> I am a shareholder and/or director of this Corporation.  Pursuant to Sections 1508 (16 Pa. C. S. § 1508) and 1512 (15 Pa. C.S. § 1512) of the Pennsylvania Business Corporation Law, as amended, I hereby request and demand permission to examine and inspect the books and records of this Corporation, as outlined herinbelow, together with permission to make copies or extracts therefrom:
>
> 1. The share registers, books and records of account;
>
> 2. The records of the proceedings of the incorporators, shareholders, and directors;
>
> 3. The records identifying all persons who assisted or participated in financing the formation of the Corporation;
>
> 4. The corporate by-laws, including all amendments to the by-laws and minutes of any meetings at which the by-laws were adopted and amended;
>
> 5. The names and addresses of all persons who have acted as a director of the Corporation since the date of its incorporation;
>
> 6. The names of all persons who currently own shares of stock in the Corporation and the date when each such person first obtained such ownership interest;
>
> 7. All tax returns (federal, state, local) relating to the Corporation;

> 8. Any and all Incorporation, shareholder, and/or buy-sell agreements;
>
> 9. Any and all minutes of meetings of shareholders and/or board of directors, and any committees and subcommittees of the board of directors;
>
> 10. Any and all unanimous consents and/or resolutions of shareholders and/or board of directors;
>
> 11. Any and all business valuations and/or property/asset valuations;
>
> 12. Any and all records, lease documents, deeds, or agreements for any real property;
>
> 13. Any and all financial statements;
>
> 14. Any and all documents pertaining to equipment and vehicles;
>
> 15. Any and all documents, including but not limited to, correspondence, memoranda, notes, email, contracts, leases, and letters of intent, received from or exchanged with any entities related thereto for the purchase or lease of any of the Corporation's assets;
>
> 16. Any and all documents pertaining to the issuance of stock or other ownership interest; and
>
> 17. Any and all Shareholders Agreements.
>
> By way of illustration but not of limitation, the purpose of my examination and inspection is to investigate, among other things, the following: (I) whether the corporation is being properly managed; (ii) the manner in which the business and affairs of the Corporation have been conducted; (iii) the manner in which the Corporation's finances have been managed; (iv) the value of the Corporation's assets; (v) the value of my interest in the Corporation; and (vi) the identities, addresses, and holdings of the Corporation's other shareholders and directors (for the purpose of contacting other shareholders and directors).

(Plaintiff's Exs. 1 through 8.)

The right of inspection by shareholders of corporate records is provided in 15 Pa. Cons. Stat. Ann. § 1508 as follows:

> **(b) Right of inspection by a shareholder.** – Every shareholder shall, upon written verified demand stating the purpose thereof, have a right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the share register, books and records of account, and records of the proceedings of the incorporators, shareholders and directors and to make copies or extracts therefrom.  A proper purpose shall mean a purpose reasonably related to the interest of the person s a shareholder.  In every instance where an attorney or other agent is the person who seeks the right of inspection, the demand shall be accompanied by a verified power of attorney or other writing that authorizes the attorney or other agent to so act on behalf of the shareholder.  The demand shall be directed to the corporation:
> (1) at its registered office in this Commonwealth;
> (2) at its principal place of business wherever situated; or
> (3) in care of the person in charge of an actual business office of the corporation.

The informational rights of a director are set forth in 15 Pa. Cons. Stat. Ann. § 1512 as follows:

> **(a) General rule.** – To the extent reasonably related to the performance of the duties of the director, including those arising from service as a member of a committee of the board of directors, a director of a business corporation is entitled:
>
> (1) in person or by any attorney or other agent, at any reasonable time, to inspect and copy corporate books, records and documents and, in addition, to inspect and receive information regarding the assets, liabilities and operations of the corporation and any subsidiaries of the corporation incorporated or otherwise organized or created under the laws of this Commonwealth that are controlled directly or indirectly by the corporation; and
>
> (2) to demand that the corporation exercise whatever rights it may have to obtain information regarding any other subsidiaries of the corporation.

At the March 9, 2009 hearing, Plaintiff testified that he is a director and/or shareholder of the three corporations involved in this suit and is therefore entitled to the various records of these corporations. Defendants argue that as to Pennsy Supply and Kim Company, these corporations were liquidated. Two tenancy in common agreements were created known as MR I and MR II. MR I would govern properties formerly owned by Kim Company. MR II would control properties formerly held by Pennsy Supply. (Defs.' Ex. 1.) These agreements were deemed validly executed on December 19, 1986. (*Id.* at Conclusions of Law.) In a later adjudication in the Court of Common Pleas of Cumberland County, No. 99-2765 Equity Term, in an opinion and decree by the Honorable Wesley Oler dated May 17, 2002 (Defs.' Ex. 6), the court held that Pennsy Supply ceased to exist as the name of a corporation recognized in the records of the Commonwealth of Pennsylvania. (*Id.* at Findings of Fact No. 2, p. 3.) In the Decree NISI of that case, the court decreed "that Plaintiff [Mumma II] does not retain an ownership interest in a corporation known as Pennsy Supply Inc. or any derivation thereof. . . ." (*Id.* at p. 11.)

Based on the foregoing, Plaintiff's request to examine the records of Pennsy Supply or any of its successors will be denied.

MR I, the tenancy in common document held to have been validly executed and to have been the vessel to have received the liquidated assets of Kim Company may not, in fact, have received the liquid assets. At the hearing, Plaintiff testified to a condemnation proceeding instituted by the Pennsylvania Department of Transportation ("Penn DOT") on property on Routes 11/15 in Cumberland County owned by Kim Company. Plaintiff claims he dealt directly with Penn DOT on this matter. He claims entitlement to examine Kim Company's records to determine the status of this property, to examine tax records, in order to determine the disposition of the condemnation award.

Plaintiff also testified that certain property in Lemoyne Borough, Cumberland County, Pennsylvania, has been listed for sheriff's sale for non-payment of taxes. This property, however, is listed as being owned by Pennsy Supply and this court has determined above that Plaintiff has no interest in Pennsy Supply.

Another reason Plaintiff requests access to Kim Company's records involves a law suit pending in Florida. At the hearing, the following testimony was offered:[1]

> Q  Sir, I'm going to show you what has been entered as document 5 in the ECF system. And would you identify that document for the record?
>
> A  Plaintiff's Exhibit amended motion for equitable relief and Plaintiff's amended motion for expedited hearing.
>
> Q  And what was your purpose in filing a motion for an expedited hearing?
>
> A  I'm involved in litigation in Florida that part of that litigation is regards a loan of $184,000.00 that Kim Company made to a corporation called High-Spech, and there is an effort in High-Spech to divert those funds from Kim Company. And I wanted to get records of that loan so I would have them to refute the improper distribution of the Kim Company funds.

(Notes of Testimony of March 9, 2009 hearing at p. 10.)

Plaintiff seeks a copy of the note; whether there has been repayment of the funds borrowed from Dauphin Deposit; the source of those funds; and who made and decided to repay the loan. Thus, to the extent that all of the assets of Kim Company have not been liquidated and that there may be property in Lower Allen Township, Cumberland County, Pennsylvania in Kim Company's name. Plaintiff

---

[1] It is interesting that Document 5, nor any other document of record filed by Plaintiff, mentioned that the purpose of filing the motion for expedited hearing related to the Florida litigation.

shall have access to existing records of Kim Company from 2000 forward to ascertain this fact.

Plaintiff shall also have access to Kim Company's records to determine if the records reflect the existence of a $184,000 note from High-Spech to Kim Company on money borrowed by Mumma II from Dauphin Deposit Bank. Plaintiff shall first file an affidavit with the court detailing when this note is alleged to have been made so that this access of the records can be restricted.

Plaintiff also seeks access to corporate records of Bobali of which he is a shareholder. It is apparent that records of Bobali have been provided to Plaintiff's former attorney James West. (Defs.' Ex. 14.) At another time, Bobali records were given to Thomas Schmidt, Esquire of the law firm of Pepper-Hamilton who represented Plaintiff on another occasion. At present, there is a pending action in Dauphin County, Pennsylvania the case of *Robert M. Mumma, II v. Bobali Corp.*, No. 2004 Eq. 16 (C. P. Dauphin). (Defs. Ex. 4.) Plaintiff can obtain corporate documents pursuant to proper discovery in that case.

## III.        Conclusion

In accordance with the above discussion, Plaintiff's motion for equitable relief will be granted in part and denied in part. An appropriate order will be issued.

 s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: March 18, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**ROBERT M. MUMMA, II,** : **CIVIL NO. 1:CV-08-1965**
    **Plaintiff** :
  :
    **v.** :
  :
**BOBALI CORPORATION;** :
**KIM COMPANY; and** :
**PENNSYLVANIA SUPPLY** :
**COMPANY,** :
  :
    **Defendants** :

## O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) Plaintiff's request for equitable relief to inspect and copy all records and documents relating to Pennsylvania Supply Company is **DENIED**.

2) Plaintiff's request for equitable relief to inspect and copy all records and documents related to Bobali Corporation is **DENIED**.

3) Plaintiff's request for equitable relief to inspect and copy all records and documents relating to Kim Company is **GRANTED IN PART** as follows:

    a) Plaintiff shall be permitted to inspect the records of Kim Company from the year 2000 to present to determine the status of the Lower Allen Township property that was the subject of a condemnation proceeding in 2000. This inspection shall cover the income received by said property, who pays the taxes, who is managing same, and the uses to which the property is subject.

      b) Plaintiff shall be permitted to inspect the records to ascertain whether a note allegedly from High-Spech to Kim Company exists. This note reflects a loan of $184,000 given by Kim Company to High-Spech. This inspection shall cover not only the existence of such a note, but all records of payments made, who approved payments, the source of the payments and any demands for payment by Dauphin Deposit.

      c) Paragraph (2)(b) above is stayed pending receipt by the court of the date of the note in paragraph (2)(b), to be furnished by Plaintiff.

4) In all other respects, the request as to Kim Company is **DENIED**.

                                        s/Sylvia H. Rambo  
                                        SYLVIA H. RAMBO  
                                        United States District Judge

Dated: March 18, 2009.