IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT M. MUMMA, II,** : | CIVIL NO. 1:CV-08-1965 |
|     **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **BOBALI CORPORATION;** : | |
| **KIM COMPANY; and** : | |
| **PENNSYLVANIA SUPPLY** : | |
| **COMPANY,** : | |
| : | |
|     **Defendants** : | |

## M E M O R A N D U M

Before the court is Plaintiff's motion for reconsideration of the court's March 18, 2009 order.[1] (Doc. 55). The parties have briefed the issues, and the matter is ripe for disposition.

**I.**      **Background**

    **A.**      **Facts**

On October 28, 2008, Plaintiff filed a complaint for declaratory relief and a motion for an expedited hearing. In his complaint, Plaintiff sought to inspect the books and records maintained by Defendants. Plaintiff claims entitlement to the books and records as a director/shareholder of these corporations pursuant to sections 1508 and 1521 of the Pennsylvania Business Corporation Law, 15 Pa. Cons. Stat. Ann. §§ 1508 & 1521. A hearing was held on March 9, 2009.

---

[1] The court signed and dated the order on March 18, 2009, but it was not docketed until March 19, 2009 in the court's CM/ECF system. (*See* Doc. 49.)

On March 18, 2009, the court issued a memorandum and order granting in part and denying in part Plaintiff's request for relief. Specifically, the court denied Plaintiff's request to inspect and copy the records related to the Pennsylvania Supply Company and the Bobali Corporation, but granted Plaintiff's request to inspect the and copy a limited number of documents and records relating to the Kim Company.[2] (Doc. 49). Plaintiff seeks reconsideration only of Paragraph 1 of the court's March 18, 2009 order denying him access to the corporate records of the Pennsylvania Supply Company.[3]

---

[2] The court's March 18, 2009 order permitted Plaintiff to inspect the records of Kim Company from the year 2000 to present to determine the status of a property in Lower Allen Township that was subject to condemnation in proceedings in 2000. The court further permitted Plaintiff to inspect the records of the Kim Company to determine whether a note from High-Spec, Inc. to Kim Company exists. By order dated March 23, 2009, (Doc. 52), the court permitted the inspection of Kim Company's documents related to High-Spec for the period of July 1985 to March 2009.

[3] Plaintiff's motion is at times inconsistent and unclear about the exact nature of his request for reconsideration. In paragraph 2 of his motion, Plaintiff states that "Plaintiff does not seek reconsideration of Paragraph #3 of the Court's Order which Granted in part the request to inspect and copy the corporate records of Kim Company. . . ." Later, however, in paragraph 4 of his motion, Plaintiff states that the court "erred by not summarily issuing an order compelling the Defendants to allow inspection of all corporate records," and that the court "should not have limited Plaintiff's access to the Defendant's corporate records." (Doc. 55 ¶ 4.) While vague, these allegation seem to suggest that Plaintiff seeks reconsideration of the limited scope of access to Kim Company documents. In paragraph 5 of his motion, Plaintiff also asserts that the court erred in its decision not to disqualify Defendants' counsel. Finally, Plaintiff raises tangential issues concerning the corporate identities of Pennsy Supply, Inc (comma) and Pennsy Supply Inc. (no comma); issues that were extensively litigated in the past and which have no bearing on the case at bar. Despite the multitude of concerns raised in his motion, Plaintiff's brief in support of his motion for reconsideration mentions only that the court erred in denying him access to the corporate records of the Pennsylvania Supply Company. (*See* Doc. 63 at 10-13.) Since this is the only matter briefed by Plaintiff he has waived all of the other issues raised in his motion, and the court will limit its reconsideration to whether it erred in denying him access to the corporate records of Pennsylvania Supply Company. *See Gorum v. Sessions*, 561 F.3d 179, 185 n.4 (3d Cir. 2009)(*citing Laborers' Intern. Union of N. Am., AFL-CIO v. Foster Wheeler Energy Corp.*, 26 F.3d 375, 398 (3d Cir.1994) ("An issue is waived unless a party raises it in its opening brief, and for those purposes 'a passing reference to an issue ... will not suffice to bring that issue before this court.'" (quoting *Simmons v. City of Phila.*, 947 F.2d 1042, 1066 (3d Cir.1991) (plurality opinion) (Becker, J.), *cert. denied*, 503 U.S. 985, 112 S.Ct. 1671, 118 L.Ed.2d 391 (1992))).

2

In its March 18, 2009 memorandum, the court abbreviated the name of Pennsylvania Supply to "Pennsy Supply." (Doc. 49 at 1.) The court then found the following:

> At the March 9, 2009 hearing, Plaintiff testified that he is a director and/or shareholder of the three corporations involved in this suit and is therefore entitled to the various records of these corporations. Defendants argue that as to Pennsy Supply and Kim Company, these corporations were liquidated. Two tenancy in common agreements were created known as MR I and MR II. MR I would govern properties formerly owned by Kim Company. MR II would control properties formerly held by Pennsy Supply. (Defs.' Ex. 1.) These agreements were deemed validly executed on December 19, 1986. (*Id.* at Conclusions of Law.) In a later adjudication in the Court of Common Pleas of Cumberland County, No. 99-2765 Equity Term, in an opinion and decree by the Honorable Wesley Oler dated May 17, 2002 (Defs.' Ex. 6), the court held that Pennsy Supply ceased to exist as the name of a corporation recognized in the records of the Commonwealth of Pennsylvania. (*Id*. at Findings of Fact No. 2, p. 3.) In the Decree NISI of that case, the court decreed "that Plaintiff [Mumma II] does not retain an ownership interest in a corporation known as Pennsy Supply Inc. or any derivation thereof. . . ." (*Id.* at p. 11.)
>
> Based on the foregoing, Plaintiff's request to examine the records of Pennsy Supply or any of its successors will be denied.

(Doc. 49 at 5.)

Plaintiff asserts that the court misapprehended the identities of the parties in this case with those before Judge Oler in 99-2765 Equity Term. Specifically, Plaintiff argues that the court conflated "Pennsy Supply" with the Pennsylvania Supply Company when those two companies are separate and distinct, and that in so doing the court committed a clear error of fact warranting reconsideration of its denial of Plaintiff's access to Pennsylvania Supply Company documents.

3

### B. Procedural History

Plaintiff filed his motion for reconsideration on March 30, 2009. (Doc. 55.) Contrary to the Local Rules, Plaintiff did not file a brief in support of his motion for reconsideration at the same time that his motion was filed, although he sought permission to file the brief *nunc pro tunc*, and the court granted his request by order dated June 12, 2009. (Doc. 69). Defendants filed their brief in opposition on June 29, 2009. (Doc. 71.) Plaintiff filed his reply on July 9, 2009. (Doc. 72.) This motion is now ripe for disposition.

### II. Legal Standard: Motion for Reconsideration

A motion for reconsideration is governed by Federal Rule 59(e), which allows a party to move to alter or amend a judgment within ten days of its entry.[4] *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F. Supp. 538, 541 (M.D. Pa. 1993). "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

---

[4] Plaintiff does not specify the Federal Rule of Civil Procedure his motion for reconsideration was brought under. When a Plaintiff files a motion for reconsideration without further specification, the court will examine the motion as a Rule 59(e) motion. *See Amatangelo v. Borough of Donora*, 212 F.3d 776, 779-80 (3d Cir. 2000); *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986) ("[W]e view a motion characterized only as a motion for reconsideration as the 'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment.").

injustice." *Max's Seafood Café, by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir. 1995)). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (internal quotations omitted*)*. Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F. Supp. at 541. Finally, "[r]econsideration of judgment is an extraordinary remedy[, and] such motions should be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

### III. Discussion

#### A. Clear error of fact

Plaintiff argues that the court committed a clear error of fact when it conflated the identities of "Pennsy Supply" with the Pennsylvania Supply Company.[5] The crux of Plaintiff's dispute is that the court erred when it found that the Honorable J. Wesley Oler. Jr.'s May 17, 2002 decision in the Cumberland County Court of Common Pleas that Plaintiff had no ownership in either Pennsy Supply Inc. or

---

[5] The court is well aware that Plaintiff takes the position that there are two "Pennsy Supply" companies one with a comma (Pennsy Supply, Inc.) and one without a comma (Pennsy Supply Inc.) The Cumberland County Court of Common Pleas has already determined that there is no distinction between these companies, and this court will not rehash an issue that has already been decided. (*See generally* Defs.' Ex. 6 to March 9, 2009 hearing.) The sole issue before the court is whether the court conflated the identity of the Pennsylvania Supply Company with "Pennsy Supply" whether it be Pennsy Supply, Inc. or Pennsy Supply Inc.

5

Pennsy Supply, Inc. was determinative of the issues in this case. Specifically, this court found that because Judge Oler had previously determined that Plaintiff had no interest in any Pennsy Supply company that he could not now assert a right to access the corporate records of the Pennsylvania Supply Company. In their response to Plaintiff's motion, Defendants state that "[t]he only nugget of truth in the Motion is that [Pennsylvania Supply Company] and Pennsy Supply, Inc were separate companies. . . ." (Doc. 71 at 5.)

After reviewing the submissions by the parties, as well as the court's March 18, 2009 memorandum, the court concludes that it committed a factual error by conflating the identities of the Pennsylvania Supply Company and Pennsy Supply. Plaintiff has instituted copious litigation against the Defendants in this case, as well as related entities owned by his family members. Two of these cases were litigated in the Cumberland County Court of Common Pleas. In 66 Equity 1988, the Honorable Harold E. Sheely decided, among other things, that the Pennsylvania Supply Company was liquidated and its assets transferred to a tenants-in-common agreement known as Mumma Realty Associates II ("MRA II"). (Defs.' Ex. 1 to March 9, 2009 Hrg., Finding of Fact No. 16 at 4.) In that case, Judge Sheely used the abbreviation "Pennsy Supply" for the Pennsylvania Supply Company. (*Id.* at Finding of Fact No. 3 at 1.) In subsequent litigation in the same court, 99-2765 Equity Term, Judge Oler ruled on the issue of whether the Plaintiff in this action had an interest in any Pennsy Supply business whether it be Pennsy Supply, Inc. (comma) or Pennsy Supply Inc. (no comma). In that case, Judge Oler ruled that the Plaintiff in this action, had no ownership interest in Pennsy Supply Inc., or any derivation thereof. (Defs.' Ex. 6 to March 9, 2009 Hrg. at 11.) This court conflated

the identities of the parties of these two previous actions in its March 18, 2009 order when it held that Plaintiff was not permitted to inspect and copy the records of the Pennsylvania Supply Company. The basis for this court's conclusion was its misapprehension of the parties before the Cumberland County Court of Common Pleas in 66 Equity 1988 and 99-2765 Equity Term. Since the court admits that it erred, it will reconsider its March 18, 2009 decision denying Plaintiff access to Pennsylvania Supply Company documents.

### B. Access to Pennsylvania Supply Company records

Plaintiff argues that he is entitled to all of the Pennsylvania Supply Company records as a shareholder and director of that company pursuant to 15 Pa. Cons. Stat. Ann. § 1508 and 15 Pa. Cons. Stat. Ann. § 1512.

As between these parties, it is settled law that the intent of the shareholders and directors of the Pennsylvania Supply Company was for the company to be liquidated on December 19, 1986, and the assets of the company to be transferred to MRA II. This is, among other things, is what Judge Sheely decided in 66 Equity 1988. In that case, the Plaintiff here argued, among other things, that the tenants-in-common agreement was not validly executed. Judge Sheely decided that it was, and that the property owned by the Pennsylvania Supply Company was transferred to MRA II. (*See* Defs.' Ex. 1 to Mar. 9, 2009 Hrg., Findings of Fact Nos.16, 20, 37-39; 53-55.) From this court's perspective, the issue of whether MRA II was validly executed and the assets of Pennsylvania Supply Company transferred to MRA II was decided in March of 1992 by Judge Sheely.

However, at the March 9, 2009 hearing in this case, Plaintiff adduced evidence that the Pennsylvania Supply Company may not have been fully liquidated,

and all of its assets may not have been fully transferred to MRA II. Specifically, Plaintiff testified that a certain property on 12th Street in Lemoyne Borough, Cumberland County, Pennsylvania had been listed for a tax upset sale for non-payment of taxes, and that owner of this property is listed as the Pennsylvania Supply Company. (Doc. 53, Mar. 9, 2009, Tr. of Proceedings at 35-36.)

Plaintiff argues that this proves that there are assets still in the name of the Pennsylvania Supply Company, and that someone may be misusing that companies name and/or its assets. However, other than speculate, Plaintiff introduced no evidence that anyone is conducting business in the name of the Pennsylvania Supply Company. Plaintiff argues that he does not know what exists until or unless he sees the documents of the Pennsylvania Supply Company. Plaintiff's logic is specious in light of the history that Plaintiff has had with this company. Plaintiff has been through countless rounds of litigation in state court, and now in federal court, concerning whether the Pennsylvania Supply Company was fully liquidated and whether MRA II was validly executed. Each time he has lost. The only evidence he has produced linking any existing assets or operations to the Pennsylvania Supply Company is that a property owned on 12th Street in Lemoyne is listed in the Cumberland County Tax Assessment Database as being owned by that company.

Plaintiff stated during the hearing in this matter that the reason he wants Pennsylvania Supply Company documents is "to determine what the status of the taxes are [for the 12th street property]. The checkbook will tell you real clearly whether they've paid them." (Tr. of Proceedings at 39:10-11.) This is a legitimate purpose under §§ 1508 and 1512 of the Pennsylvania's Business Corporations Law, and the court will allow Plaintiff to inspect the records, if there are any, of

Pennsylvania Supply Company on this narrow issue. This should not be taken as a repudiation of the findings of fact of Judge Sheely. Those findings stand uninterrupted, and are dispositive of the issues litigated in that case. It is only out of an abundance of caution that this court is permitting Plaintiff access to Pennsylvania Supply Company documents on this narrow issue. It is clear from the findings of fact and conclusions of law in 66 Equity 1988 that both MRA I and MRA II were validly executed and that master deeds were signed by the officers of the Pennsylvania Supply Company and the Kim Company transferring all assets to these tenancies-in-common. (*See* Defs.' Ex. 1 to Mar. 9, 2009 Hrg., Findings of Fact Nos.16, 20, 37-39; 53-55.) It appears, however, that some individual deeds–such as the deed for the 12th street property—were missed. This does not mean that the property is actually still owned by the Pennsylvania Supply Company or that anyone is doing business in the Pennsylvania Supply Company's name, it may merely have been an oversight. Of course, the opposite could be true as well, and it is for this reason, slight as it may be, that the court will permit Plaintiff access to Pennsylvania Supply Company documents on the very narrow issue of the ownership and tax status of the 12th street property in Lemoyne listed as being owned by the Pennsylvania Supply Company.

However, since Plaintiff adduced nothing to convince this court that the Pennsylvania Supply Company has any other assets that have not been previously liquidated and transferred to the MRA II under the tenants-in-common agreement, the court finds that broader access by Plaintiff to Pennsylvania Supply Company records would be improper under Pennsylvania's Business Corporations law. The court finds that Defendants have met their burden of demonstrating that Plaintiff's

true purpose in attempting to obtain the records of the Pennsylvania Supply Company is to further his decades old crusade to convince someone that the identity of Pennsy Supply Inc was misappropriated and that he somehow still owns this company. Judge Oler decided in 2002 that Plaintiff has no interest in any company called Pennsy Supply Inc., whether or not the name of that company has a comma or does not have a comma. For this court to allow Plaintiff access to Pennsylvania Supply Company documents for the purpose of revisiting that issue would be improper, and the court will not allow it.

### IV. Conclusion

In accordance with the foregoing, the court will grant Plaintiff's motion for reconsideration and amend its March 18, 2009 order to permit Plaintiff to examine the records and documents of the Pennsylvania Supply Company only as they relate to the Pennsylvania Supply Company's ownership of the property located in 12th Street in Lemoyne. The court will issue an order consistent with this memorandum.

                                         s/Sylvia H. Rambo
                                         United States District Judge

Dated: July 29, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT M. MUMMA, II,** | : CIVIL NO. 1:CV-08-1965 |
| **Plaintiff** | : |
| v. | : |
| **BOBALI CORPORATION;** **KIM COMPANY; and** **PENNSYLVANIA SUPPLY COMPANY,** | : |
| **Defendants** | : |

# **O R D E R**

In accordance with the attached memorandum of law, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for reconsideration, (Doc. 55), is **GRANTED** as follows:

(A) Paragraph 1 of the Court's March 18, 2009 order (Doc. 49) is amended and now reads:

> (1) Plaintiff's request for equitable relief to inspect and copy all records and documents relating to Pennsylvania Supply Company is **GRANTED IN PART AND DENIED IN PART** as follows:
>
>> a) Plaintiff is permitted to inspect the records of the Pennsylvania Supply Company concerning its ownership of the property located on 12th Street in Lemoyne, Pennsylvania, tax parcel number 12-20-1856-0009, including all information concerning the payment or non-payment of property taxes for that property, and any other information that Defendant Pennsylvania Supply Company has concerning its ownership of that property.

b) In all other respect, Plaintiff's request to examine the records and documents of the Pennsylvania Supply Company is **DENIED**.

(B) Plaintiff's motion for reconsideration is **DENIED** in all other respects.

s/Sylvia H. Rambo<br>United States District Judge

Dated: July 29, 2009.